# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JASON BUNCH,<br><br>    Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>    Defendant. | Case No. 2:11-CV-01037-KJD-CWH<br><br>**ORDER** |

Before the Court is Duetsche Bank National Trust Company's Motion to Dismiss (#5). Plaintiff filed an opposition (#9) and Defendant filed a reply (#11). Without leave of the Court, Plaintiff filed a supplemental opposition (#15) and Defendant filed a supplemental reply (#16). Plaintiff filed another supplemental opposition (#17). Plaintiff also filed a Motion for Default Judgment (#7) to which Defendant filed a reply (#10).

I. Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Iqbal evaluation illustrates a two prong analysis. First, the Court identifies "the allegations in the

complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

Plaintiff is representing himself *pro se*. Courts must liberally construe the pleadings of *pro se* parties. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990). However, *pro se* litigants must supply a minimum factual basis for the claims they assert against defendants so that defendants are aware of the alleged wrongdoing. Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995). Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Plaintiff's complaint fails to satisfy even the most generous reading of this rule. The complaint lacks a "short and plain statement of the claim." It does not give the minimum factual basis for the claims asserted. It does not set forth with clarity the subject property, the nature of the transaction, the parties to the transaction, and other basic information. The complaint is filled with bare assertions, conclusory statements, case citations, links to websites, and incoherent legal arguments that do not show that Plaintiff is entitled to relief. The complaint describes Plaintiff as "an adult man" but uses the pronoun "her" in some places, suggesting that portions of the complaint were copied from other sources. Plaintiff's Opposition filed in response to Defendant's Motion to Dismiss is similarly incoherent. In his Opposition, Plaintiff appears to relinquish his claim for monetary relief, admits that he has not stated a predatory lending practices claim, and fails to coherently respond to points made by the Defendant. (Opp. at 4, 9.)

Confusing, distracting, ambiguous, and unintelligible pleadings "should not be permitted to stand in the face of the positive language of our Federal Rules of Civil Procedure." Schmidt v.

1  Herrmann, 614 F.2d 1221, 1224, (9th Cir. 1980).  (dismissing complaint for failure to comply with
2  Fed. R. Civ. P. 8)  Long, irrelevant, and unclear complaints ... "impose unfair burdens on litigants
3  and judges" and waste time "prejudicing litigants in other case who follow the rules." McHenry v.
4  Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) (upholding dismissal of convoluted complaint and noting
5  that "the rights of the defendants to be free from costly and harassing litigation must be
6  considered.")(quotations omitted).  Plaintiff's complaint does not meet even the most basic pleading
7  requirements of the Federal Rules.  Accordingly, the complaint is dismissed.

II.  Conclusion

   **IT IS HEREBY ORDERED** that Duetsche Bank National Trust Company's Motion to Dismiss (#5) is **GRANTED**.

   **IT IS ALSO ORDERED** that Plaintiff's Motion for Default Judgment (#7) is **DENIED**.

   DATED this 24th day of October 2011.

_____
Kent J. Dawson
United States District Judge