# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JASON BUNCH,<br><br>    Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>    Defendant. | Case No.  2:11-CV-01037-KJD-CWH<br><br>**ORDER** |

      Before the Court is Plaintiff Jason Bunch's Motion to Reconsider (#21).  Defendants Deutsche Bank National Trust Company have responded (#22).

Discussion

      On October 24, 2010, the Court issued an Order (#18) granting Defendant's Motion to Dismiss.  Plaintiff has now moved for reconsideration of the Court's Order.

      The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. Rule 59(e) allows the Court to grant a new trial for various reasons. However, because there was no trial in this instance, the motion shall be construed and decided as one for relief from judgment under Rule 60(b).  Reconsideration is available under Rule 60(b) upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief.

Fed . R.Civ.P. 60(b).  "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled."  Brown v. Kinross Gold, U.S.A., 378 F.Supp.2d 1280, 1288 (D. Nev. 2005); see Merozoite v. Thorp, 52 F.3d 252, 255 (9th Cir. 1995).  "A party cannot have relief under this rule merely because he or she is unhappy with the judgment."  Khan v. Fasano, 194 F.Supp.2d 1134, 1136 (S.D. Cal. 2001).

The Court noted in its original order, the complaint is insufficient because:

> ... [it] lacks a "short and plain statement of the claim." It does not give the minimum factual basis for the claims asserted.  It does not set forth with clarity the subject property, the nature of the transaction, the parties to the transaction, and other basic information.  The complaint is filled with bare assertions, conclusory statements, case citations, links to websites, and incoherent legal arguments that do not show that Plaintiff is entitled to relief.  The complaint describes Plaintiff as "an adult man" but uses the pronoun "her" in some places, suggesting that portions of the complaint were copied from other sources.

(#18 at 2).

Plaintiff, who is representing himself *pro se,* argues that the Court failed to properly recognize viable claims within the factual allegations in his Complaint.  Plaintiff copies long portions of his Complaint, into his Motion and argues that including references to case law and "self authenticating (sic) websites" in complaints is common practice.  Plaintiff also seeks leave to amend his Complaint.

As the Court ruled previously, the Complaint fails to comply with Federal Rules of Civil Procedure 8(a) and 9(b) because it lacks clarity.  The defects in Plaintiff' Complaint prejudiced the Defendant's ability to respond and accordingly cannot be excused because he is a *pro se* litigant.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987) ( "*Pro se* litigants must follow the same rules of procedure that govern other litigants.").  As the Court noted in its prior Order "[l]ong, irrelevant, and unclear complaints ... 'impose unfair burdens on litigants and judges' and waste time 'prejudicing litigants in other case who follow the rules.' (#18 at 2-3 citing McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir.1996).)

Additionally, dismissal was proper under Rule 12 because, to the extent that the Court can understand Plaintiff's complaint, it does not plainly state a cause of action.  In his Motion for

Reconsideration, Plaintiff acknowledges that he fails to state a claim for predatory lending practices. His claim for an *ultra vires* act by Defendant contains only conclusory allegations about the sale of debt instruments. Finally, Plaintiff's wrongful foreclosure claim is insufficient because, *inter alia*, it does not allege a sale of the real property and asserts the discredited "show me the note" theory. Plaintiff's Motion does present any valid grounds for reconsideration under Rule 60(b) and the Motion is denied.

Conclusion

Accordingly, **IT IS HEREBY ORDERED THAT** the Plaintiff's Motion to Reconsider (#21) is **DENIED**.

**IT IS FURTHER ORDERED THAT** Plaintiff's request for leave to amend is **DENIED**.

DATED this 9th day of April 2012.

_____
Kent J. Dawson
United States District Judge

3